UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO NICOLAS-ZACARIAS, Petitioner,<br>v.<br>WARDEN, Otay Mesa Detention Center, et al., Respondents. | Case No.: 3:26-cv-4206-CAB-DDL<br>**ORDER PARTIALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS** |

Pending before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Humberto Nicolas-Zacarias. [Doc. No. 1 ("Petition").] Petitioner last entered the United States without inspection or admission on March 28, 2000. [Petition at 3.] Petitioner claims that his detention without a bond hearing since June 22, 2026 is unlawful. [*Id.* at 3, 10–13.]

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but concede that this case is "not materially distinguishable" from others in this District which found similarly situated petitioners were detained pursuant to 8 U.S.C.

§ 1226(a) and thus entitled to bond hearings. [Doc. No. 5 at 2–3.][1] They thus "do[] not oppose the [P]etition and defer[s] to the Court on the appropriate relief." [*Id.* at 3.]

The Court thus **ORDERS** Respondents to provide Petitioner an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its associated regulations by **August 26, 2026**, unless Petitioner requests a continuance. If requested by Petitioner, Respondents shall assist Petitioner in obtaining an audio recording of the bond hearing.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: August 12, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] Petitioner was detained and filed this Petition before the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th --- (9th Cir. July 30, 2026), which held that unadmitted noncitizens present in the interior of the United States are detained pursuant to 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225.